THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD G. WEBB, Defendant-Appellant.

Third District   No. 3—07—0551

Opinion filed July 27, 2009.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHMIDT delivered the opinion of the court:

Pursuant to a fully negotiated plea, Richard G. Webb, the defendant, pled guilty to aggravated battery. 720 ILCS 5/12—4(b)(8) (West 2006). The defendant filed the instant petition for postconviction relief (725 ILCS 5/122—1 et seq. (West 2006)), which the trial court denied. The defendant appeals, arguing that the court's requirement that he return to the custody of the Department of Human Services (DHS) after his release from the Department of Corrections (DOC) is void because it is not an authorized disposition for an aggravated battery conviction. We affirm.

FACTS

On October 2, 2006, the State charged the defendant with aggravated battery. 720 ILCS 5/12—4(b)(8) (West 2006). The charge

arose from an incident where the defendant struck a DHS employee who had transported him to court for a hearing. The record shows that at the time of the instant offense, the defendant was "a detainee in the [Sexually Violent Persons] (SVP) program" and was "in [DHS] custody."

The court held a plea hearing on January 5, 2007. The defendant entered a fully negotiated plea to a reduced charge of aggravated battery (720 ILCS 5/12—4(b)(8) (West 2006)) in exchange for a recommended term of imprisonment of two years, followed by a one-year term of mandatory supervised release. Further, regarding the proceedings in the defendant's SVP case, the State's Attorney disclosed that "there [had] not been a commitment [to the DHS] yet." However, the State's Attorney requested that "the order—the mittimus reflect— *** that [the defendant] be released only to the custody of the Illinois [DHS] upon release [from the DOC]." The court entered the agreed sentence, and "recommended" that the defendant be released to the custody of the DHS upon completion of his term of incarceration.

On January 19, 2007, the court held a hearing to amend the mittimus. Specifically, the State's Attorney requested that the court "order" that the defendant be released only to the custody of the DHS upon his release from the DOC. The court entered an amended judgment, where it "ordered that [the defendant] shall be released to the custody of the Illinois [DHS] upon release from the [DOC]."

The defendant did not file a direct appeal. On April 23, 2007, the defendant wrote a letter to the court requesting that the court strike the language regarding his transfer to the DHS following his term of imprisonment because he was not admonished at his guilty plea hearing that he would be returned to DHS custody. However, after a hearing, the court declined to strike this language because defense counsel admitted that the defendant had been informed of the transfer at the plea hearing prior to entering his guilty plea.

Thereafter, on June 11, 2007, the defendant filed the instant *pro se* postconviction petition. The defendant alleged that the court lacked subject matter jurisdiction regarding the civil SVP proceedings. The defendant also alleged that he was not informed of the transfer back to the DHS. Thus, the defendant contended that he did not receive the benefit of his plea bargain. Because of these alleged flaws, the defendant argued that "the order directing D.O.C. to return [him] to the custody of [the] D.H.S. upon his release from [the] D.O.C. be deemed invalid [and] void." On June 15, 2007, the court dismissed the defendant's postconviction petition. The defendant appeals.

## ANALYSIS

On appeal, the defendant argues that the court's requirement that he return to DHS custody after his release from the DOC is void because it is not an authorized disposition for an aggravated battery conviction.

According to the supreme court, a void judgment is one that was entered by a court that lacked jurisdiction over the parties or the subject matter, or by a court that lacked the inherent power to make or enter the particular order. *People v. Arna*, 168 Ill. 2d 107, 658 N.E.2d 445 (1995). A sentence that is not statutorily authorized is void. *People v. Thompson*, 209 Ill. 2d 19, 805 N.E.2d 1200 (2004). A void judgment can be attacked at any time, including during a collateral proceeding such as postconviction review. *Thompson*, 209 Ill. 2d 19, 805 N.E.2d 1200.

Pursuant to the Sexually Violent Persons Commitment Act (Act), if, after the filing of the requisite petition and the holding of a hearing, the court determines that there is probable cause to believe the named person is sexually violent, "the court shall order that the person be taken into *custody*." (Emphasis added.) 725 ILCS 207/30(c) (West 2006). After a trial (725 ILCS 207/35 (West 2006)), if the court or jury finds that the named person is sexually violent, "the court shall order the person to be *committed* to the custody of the [DHS] for control, care and treatment until such time as the person is no longer a sexually violent person." (Emphasis added.) 725 ILCS 207/40 (West 2006). Thus, the Act differentiates between custody, which arises after a probable cause hearing (725 ILCS 207/30 (West 2006)), and commitment (725 ILCS 207/40 (West 2006)), which occurs after a trial.

In his brief, the defendant argues that the trial court civilly committed him to the DHS following his release from the DOC, and the court did so without following the procedure articulated in the Act (725 ILCS 207/1 *et seq.* (West 2006)). We disagree. According to the language of the sentencing order, the court "released [the defendant] to the *custody* of the [DHS] upon release from [the DOC]." (Emphasis added.) Contrary to the defendant's assertion, this language did not civilly commit the defendant to the DHS. See 725 ILCS 207/40 (West 2006). Rather, the court's order merely returned the defendant to DHS custody, as he was in custody of the DHS at the time he committed the instant offense. See 725 ILCS 207/30 (West 2006).

We further find that the court did not err when it ordered the return of the defendant to DHS custody. Defendant admits that he was in the custody of the DHS when the instant offense occurred. At the plea hearing, the State's Attorney stated in the defendant's presence that the mittimus should reflect that the defendant shall be

returned to DHS custody following the completion of his prison term. The record furnished to this court by the defendant does not show that the defendant was released from DHS custody at any time during the instant proceedings, nor that any sort of disposition was entered on the SVP petition. Thus, we find no error with the court's order that the defendant return to DHS custody when he is released from the DOC.

Additionally, when a person commits a criminal offense at a time when he is in the custody of the DHS and the subject of a pending SVP, the better policy is that the person be immediately returned to the custody of the DHS upon completion of his term of imprisonment, rather than be released to society with the hope that he will voluntarily return to DHS custody to face the possibility of an indeterminate commitment as an SVP. It hardly makes sense to allow one to defeat DHS custody by assaulting a DHS employee. Such a policy would, in effect, declare an "open season" on DHS employees or anyone else within the reach of one in DHS custody and facing the possibility of indeterminate commitment. Defendant's arguments to the contrary are without merit.

In conclusion, we find that no part of the sentencing order is void. The court had both subject matter and personal jurisdiction over the parties. We agree that sentencing one to the custody of DHS is not an authorized disposition for aggravated battery. The trial court did not "sentence" defendant to DHS. However, the trial court did not err by ordering the return of the defendant to the custody of the DHS upon completion of his term of imprisonment with the DOC, given that the defendant was in the custody of the DHS prior to the instant offense. The trial court's order simply preserved the status quo. Had the trial court dismissed the aggravated battery charges or found defendant not guilty, would it have ordered defendant released? Of course not. Defendant would have been remanded to the custody of DHS. Therefore, the court properly dismissed the defendant's petition for postconviction relief.

## CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

O'BRIEN, P.J., and McDADE, J., concur.