No. 3--09--0902

Filed October 22, 2010-Correction

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| GREGORY A. WHITE, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit |
| Plaintiff-Appellant, | ) | Rock Island County, Illinois |
| | ) | |
| v. | ) | No. 08--MR--118 |
| | ) | |
| LARRY PHILLIPS, Director of | ) | |
| Rushville Treatment and | ) | |
| Detention Facility, | ) | |
| | ) | Honorable Michael F. Meersman, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:

Appellant, Gregory White, is a sexually violent person and subject to treatment in a secure facility. The Department of Human Services transferred White to the Department of Corrections to serve criminal sentences twice. The Department of Corrections returned White to the Department of Human Services at the completion of each sentence

White alleges that he is not lawfully subject to cus-

tody by the Department of Human Services because of these transfers from the Department of Human Services to the Department of Corrections.  He requested *habeas corpus* relief from the circuit court.  The circuit court dismissed his application on motion of defendant Larry Phillips, Director of the Rushville Treatment and Detention Facility. White appeals that dismissal.  We affirm.

FACTS

White was convicted of aggravated criminal sexual abuse.  The State petitioned to commit White under the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/1 *et seq.* (West 2008)).  The court found White to be a sexually violent person (SVP) and ordered him into the custody of the Department of Human Services until he is no longer an SVP.

White committed aggravated battery twice while in the custody of the Department of Human Services.  Each time he was found guilty in a circuit court proceeding and was transferred to the Department of Corrections to serve his sentence.

At the completion of each sentence, White was returned to the Department of Human Services without a court order. White claims that his release to the Department of Corrections either conditionally released or fully discharged him, terminating his civil commitment. As such, the Department of Human services could not regain custody of White without a new court order finding him to be an SVP.

White also alleged two violations of the United States Constitution, a double jeopardy claim and a due process claim. White recognizes in his brief to this court that these allegations cannot stand unless this court finds for him on the first issue.

ANALYSIS

A motion to dismiss challenges the legal sufficiency of a complaint. *Beacham v. Walker*, 231 Ill. 2d 51, 57, 896 N.E.2d 327, 331 (2008). This court reviews *de novo* a circuit court decision on a motion to dismiss. *Beacham*, 231 Ill. 2d at 57. All well-pleaded facts and reasonable inferences from those facts are accepted as true and are viewed in the light most favorable to the plaintiff.

3

*Beacham*, 231 Ill. 2d at 58.

Application for *habeas corpus* relief is statutory in nature. 735 ILCS 5/10--101 *et seq.* (West 2008). *Habeas corpus* provides relief to those who are wrongfully imprisoned or restrained. 735 ILCS 5/10--102 (West 2008). But, relief under *habeas corpus* is limited in nature. *Beacham*, 231 Ill. 2d at 58. The supreme court has said repeatedly that *habeas corpus* is available only to a plaintiff that is restrained by the judgment of a court that did not have subject matter or personal jurisdiction, unless something has occurred after the court entered judgment that entitles the plaintiff to release. *Beacham*, 231 Ill. 2d at 58. *Habeas corpus* does not provide relief from a judgment that is merely voidable and does not suffer from jurisdictional defects. *Beacham*, 231 Ill. 2d at 58; *People v. Gosier*, 205 Ill. 2d 198, 205, 792 N.E.2d 1266, 1269-70 (2001).

White does not argue any defect exists with the court order that declared him to be an SVP. He asserts that when the Department of Human Services transferred him to the

4

Department of Corrections, it was an implied, tacit, or actual finding by the Department of Human Services that White was no longer an SVP. Alternatively, he argues that it was a conditional or full release that terminated his civil commitment.

The Act (725 ILCS 207/1 *et seq.* (West 2008)) allows the State to seek civil commitment of someone who has been convicted of a sexually violent offense. 725 ILCS 207/15 (West 2008). After a proper petition is filed, the court holds a probable cause hearing to determine whether probable cause exists that the person named in the petition is a sexually violent person. 725 ILCS 207/30 (West 2008). The person is taken into custody if the court finds probable cause exists, otherwise the petition is dismissed. 725 ILCS 207/30 (West 2008). After a finding that probable cause exists, a trial is held to determine if the person is a sexually violent person. 725 ILCS 207/35 (West 2008). At the conclusion of the trial, if it is determined that the person named in the petition is an SVP, the court must issue an order committing the person to the custody of the

5

Department of Human Services "until such time as the person is no longer a sexually violent person." 725 ILCS 207/40(a) (West 2008).

The Act provides only one way for an SVP to be discharged from the custody of the Department of Human Services: by court order. 725 ILCS 207/65 (West 2008). A hearing to request a discharge order can be obtained in two ways. First, the Secretary of the Department of Human Services authorizes a person whom he believes is no longer a sexually violent person to petition the court for discharge. 725 ILCS 207/65(a)(1) (West 2008). Second, a sexually violent person can apply for discharge at the time of periodic reviews conducted by the Department of Human Services. 725 ILCS 207/65(b)(1) (West 2008). Upon a proper petition, a hearing is held to determine whether the person is still sexually violent. A person is entitled to discharge upon a finding that he is not a sexually violent person.

Discharge from the custody of the Department of Human Services can be obtained in no other way. The legislature

6

has created a comprehensive system to protect the public from sexually violent people. That system states that a discharge is obtained when a court or jury finds that an SVP is no longer sexually violent. This reading of the statute is in keeping with the canon of construction, expression of one thing is the exclusion of another. *People v. Roberts*, 214 Ill. 2d 106, 117, 824 N.E.2d 250, 256 (2005). The legislature, by providing a clear method for release from custody, denied all others.

White has not attacked the original order that found him to be a sexually violent person and placed him in the custody of the Department of Human Services. He alleges that his transfer to the Department of Corrections terminated his custody by the Department of Human Services. Only a court order can discharge White from the custody of the Department of Human Services. White has not challenged the original order and the only thing that can authorize his release has not happened; *habeas corpus* relief is not available. Since White has pled no facts upon which he is entitled to relief, we affirm the decision of the circuit

7

court dismissing his application for *habeas corpus*.

From a commonsense standpoint, the theory urged by plaintiff is a dangerous one: to terminate a civil commitment, one need only attack a Department employee or fellow detainee. We are not inclined to declare an open season on employees and detainees of the Department of Human Services. See *People v. Webb*, 393 Ill. App. 3d 478, 913 N.E.2d 1074 (2009).

This court need not reach the constitutional issues raised by White in his brief. White conceded that his second and third issues cannot stand without a finding that his commitment to the Department of Human Services has been lawfully terminated.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and O'BRIEN, J., concur.

8