# Illinois Official Reports

## Appellate Court

---

### *People v. Rios*, 2013 IL App (1st) 121072

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DON JUAN RIOS, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-12-1072 |
| Filed | November 26, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court lacked jurisdiction to grant defendant *habeas corpus* relief, notwithstanding the fact that the judge who presided over defendant's trial used deception to get elected to his judicial office and violated the residency requirements of the Election Code, since the *de facto* doctrine provides that the judge was an officer *de facto*, his acts were valid so far as the public or third parties were concerned, and defendant was precluded from making a collateral attack on the judge's authority in a *habeas corpus* proceeding. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 99-CR-12385; the Hon. Thomas M. Tucker, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Abishi C. Cunningham, Jr., Public Defender, of Chicago (Ingrid Gill, Assistant Public Defender, of counsel), for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Yvette Loizon, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion. Justices Harris and Simon concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant Don Juan Rios appeals from the denial of his petition for *habeas corpus* relief. Defendant argues that the circuit court erred in finding that it lacked jurisdiction to grant relief under the Habeas Corpus Act (Act) (735 ILCS 5/10-124 (West 2012)), where defendant asserted that his judgment of conviction was void because the judge who presided over his bench trial lacked the constitutionally mandated qualifications to be a judge. For the following reasons, we affirm the judgment of the circuit court.

¶ 2                                  BACKGROUND

¶ 3    Defendant was charged with two counts of first degree murder, three counts of attempted first degree murder, and two counts of aggravated discharge of a firearm after he shot into a vehicle containing four passengers, killing one of them. On April 29, 2002, following a bench trial before then Judge Golniewicz, defendant was convicted of first degree murder and two counts of aggravated discharge arising out of events that occurred in May 1999. Shortly thereafter, the Judicial Inquiry Board (JIB) filed a complaint against the trial judge, who was then placed on administrative leave. Defendant was later sentenced by Judge Daniel Kelly to 45 years' imprisonment for first degree murder and two concurrent 10-year terms of imprisonment for aggravated discharge. *People v. Rios*, No. 1-04-0058 (Jan. 31, 2006) (unpublished order under Supreme Court Rule 23). By order entered November 15, 2004, the JIB found, *inter alia*, that Golniewicz violated certain rules of judicial conduct in that he used deception to get elected to his judicial office and thereafter continued to violate residency requirements for sitting judges as set forth in relevant sections of the Election Code, which warranted his removal from office. *In re Golniewicz*, Ill. Ct. Comm'n, No. 02 CC 1 (Nov. 15, 2004).

¶ 4    Among the issues defendant raised on direct appeal, defendant alleged that his jury waiver was involuntary because Golniewicz failed to disclose that he was the subject of a JIB

investigation at the time of defendant's trial. We rejected defendant's arguments and affirmed his conviction. *Rios*, slip op. at 30-33.

¶ 5    Thereafter, defendant filed a postconviction petition alleging that Golniewicz may have been biased because he was the subject of a JIB investigation and that the trial court erred in prohibiting him from conducting a posttrial investigation to uncover the potential bias. Defendant's petition was summarily dismissed by the trial court and this court affirmed. *People v. Rios*, No. 1-07-1668 (Dec. 22, 2008) (unpublished order under Supreme Court Rule 23).

¶ 6    Defendant's successive postconviction petition was also summarily dismissed by the trial court. On appeal, defendant's counsel and the State filed an agreed motion for summary disposition asking this court to award defendant an additional 11 days of presentence credit. We granted the motion.

¶ 7    On December 21, 2011, defendant filed a *pro se* petition for *habeas corpus* relief that is the subject of the instant appeal. In the petition, defendant argued that his conviction and sentence are void because Golniewicz falsified his judicial application and fraudulently obtained his judgeship. Therefore, defendant argued, Golniewicz lacked the judicial authority to preside over his trial. Defendants attached an order issued by the Illinois Courts Commission removing Golniewicz from judicial office. *In re Golniewicz*, Ill. Ct. Comm'n, No. 02 CC 1 (Nov. 15, 2004). After an extensive discussion of the evidence and testimony presented, the Commission concluded that Golniewicz

> "consistently engaged in a pattern of behavior that violated the judicial canons, demeaned the integrity of the judiciary, and brought the judicial office into disrepute. Respondent used deception to get elected. He was living in Riverside, but used his parents' address to run for election because he had a much greater chance of winning an election using that address. Respondent actively concealed his true permanent abode. *** Once elected, respondent continued to violate state residency law by residing outside of the subcircuit from which he was elected." *Id.* at 31.

The trial court denied defendant's petition for *habeas corpus* relief finding that it lacked the necessary jurisdiction. It is from this order that defendant now appeals.

¶ 8                                    ANALYSIS

¶ 9    Defendant argues that the trial court erred in finding that it lacked jurisdiction under the Act, where he asserted that his judgment of conviction was void because the judicial officer who presided over his bench trial lacked the constitutionally mandated qualifications to be a judge.

¶ 10    *Habeas corpus* relief is only available on the seven grounds specified by the Code of Civil Procedure. See 735 ILCS 5/10-124 (West 2012); *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008). These seven grounds fall into two general categories: (1) the prisoner was incarcerated by a court which lacked personal or subject matter jurisdiction; or (2) some occurrence subsequent to the prisoner's conviction entitled the prisoner to immediate release. *Hennings v. Chandler*, 229 Ill. 2d 18, 30 (2008). "A complaint for order of *habeas corpus* may not be used to review

proceedings that do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights." *Beacham*, 231 Ill. 2d at 58.

¶ 11    A judgment is void only if the court that entered it lacked jurisdiction. *People v. Davis*, 156 Ill. 2d 149, 155-56 (1993). The lack of jurisdiction can result from the lack of personal jurisdiction or subject matter jurisdiction, but lack of jurisdiction can also be found where the court lacked the power to render the particular judgment or sentence. *Davis*, 156 Ill. 2d at 155-56. As defendant claims that his conviction is void because the court lacked the necessary jurisdiction, the appropriate review is *de novo*. *In re Luis R.*, 239 Ill. 2d 295, 299 (2010).

¶ 12    Defendant argues that *People v. Kelly*, 2012 IL App (1st) 101521, is instructive in this case. Although *Kelly* is interesting, it does not inform our analysis of this appeal. In *Kelly*, the trial judge was also Judge Golniewicz. On appeal from the second-stage dismissal of his postconviction petition, defendant advanced three arguments: (1) he was denied his constitutional right to counsel of his choice; (2) he made a substantial showing that he was deprived of his right to a fair trial where he alleged that Golniewicz was not actually a judge under the Illinois Constitution because he falsified his application to be placed on the ballot for the tenth judicial subcircuit, claiming to live there when he did not, and violated the Illinois Constitution's residency requirement; and (3) postconviction counsel failed to provide a reasonable level of assistance. *Id.* ¶¶ 23-26.

¶ 13    In *Kelly*, we dealt with an appeal from the denial of a second-stage postconviction petition and the relevant question was whether defendant made a substantial showing of a violation of his constitutional rights. We observed that courts should not consider constitutional questions if the case can be decided on other grounds and reversed the circuit court's dismissal of the petition and remanded for further proceedings finding the nonconstitutional issue of postconviction counsel's ineffectiveness to be dispositive. *Id*. ¶ 27. Although we did not reach the defendant's constitutional claims, we did make some observations regarding the relief the defendant sought related to his claim about Judge Golniewicz. *Id*. (Murphy, J., specially concurring) (agreeing with the court that the defendant's constitutional claims need not be addressed and therefore choosing not to comment on the relief sought on the defendant's constitutional claim regarding Golniewicz); see also *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993) (*Dictum* is a remark or expression of opinion that a court uttered as an aside and is generally not considered binding authority.). However, the observations made in *Kelly* are not helpful in deciding the instant appeal where we directly consider the denial of a petition for *habeas corpus* relief where the trial court ruled that it lacked jurisdiction.

¶ 14    The procedural postures of *Kelly* and the case at bar differ significantly. *Kelly* dealt with an appeal from the denial of a second-stage postconviction petition where the relevant question was whether defendant made a substantial showing of a violation of his constitutional rights. The question we must answer here is whether a collateral attack on the authority of a judicial officer raised in a *habeas corpus* proceeding renders a defendant's conviction and sentence void because the trial judge was removed from office for conduct which demeaned the integrity of the judiciary by violating the residency requirements of the Illinois Constitution and the Election Code.

¶ 15 Again, a judgment is void only if the court that entered it lacked jurisdiction. *People v. Davis*, 156 Ill. 2d 149, 155-56 (1993). Jurisdiction lies in the court itself, not in an individual judge. *People ex rel. Sandbach v. Weber*, 403 Ill. 331, 335 (1949); *Generes v. Foreman*, 277 Ill. App. 3d 353, 356 (1995). In Illinois, a court's jurisdiction is conferred by the constitution. *People v. Gilmore*, 63 Ill. 2d 23, 26 (1976). "Pursuant to article VI, section 9, of our constitution, the circuit courts have jurisdiction over all justiciable matters (Ill. Const. 1970, art. VI, § 9), and a trial court obtains personal jurisdiction over a defendant when he appears before it [citation]." *People v. Raczkowski*, 359 Ill. App. 3d 494, 497 (2005). Our supreme court has defined a "justiciable matter" as "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334-35 (2002).

¶ 16 In the case at bar, defendant had been charged under the Criminal Code of 1961 with two counts of first degree murder (720 ILCS 5/9-1(a)(2) (West 1998)), two counts of attempted first degree murder (720 ILCS 5/8-4(a), 9-1 (West 1998)), and two counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 1998)), a controversy appropriate for consideration by the trial court. Thus, the trial court had subject matter jurisdiction. Furthermore, the trial court acquired personal jurisdiction over defendant when he personally appeared before the court. *People v. Speed*, 318 Ill. App. 3d 910 (2001). The defendant does not contend otherwise. Because the circuit court properly had both subject matter jurisdiction and personal jurisdiction over defendant's case, defendant's conviction and sentence are not void for either of these reasons.

¶ 17 The thrust of defendant's argument is that Golniewicz fraudulently held his judicial position and, therefore, the judgment of conviction entered is void. This argument has been rejected as a collateral attack on the judicial orders of a *de facto* officer. *United States ex rel. Doss v. Lindsley*, 148 F.2d 22, 23 (7th Cir. 1945) (*habeas corpus* petition properly dismissed where a person actually performing the duties of an office under color of title is an officer *de facto* and such acts are valid so far as the public or third parties who have an interest in them are concerned). In *Ex Parte Ward*, 173 U.S. 452 (1899), the Supreme Court rejected an attempt to vacate a sentence on the grounds that the commission of the trial judge was defective. The Court stated that it was well settled that where a court has jurisdiction over the subject matter and the person and the proceedings and conviction are otherwise proper, the judge is an officer *de facto* and the validity of the judge's position or the right to exercise judicial functions is not a proper subject of a *habeas corpus* proceeding. *Id*. at 455-56. "[T]he title of a person acting with color of authority, even if he be not a good officer in point of law, cannot be collaterally attacked; and as [the judge] acted, at least, under such color, we cannot enter on any discussion of proposition involving his title to the office held." *Id*. at 456; see also *Habeas Corpus on Ground of Defective Title to Office of Judge, Prosecuting Attorney, or Other Officer Participating in Petitioner's Trial or Confinement*, 158 A.L.R. 529 (1945).

¶ 18 The well-established *de facto* doctrine provides that a person performing the duties of an office under color of title is an officer *de facto* and such acts are valid so far as the public or third parties who have an interest in them are concerned. *People ex rel. Rusch v. Wortman*, 334

Ill. 298 (1928); *Cleary v. Chicago Title & Trust Co.*, 4 Ill. 2d 57 (1954); *People ex rel. Chillicothe Township v. Board of Review*, 19 Ill. 2d 424 (1960); *People v. O'Neill*, 33 Ill. 2d 184 (1965). Defendant argues that because of Golniewicz's deception and fraud his authority as a judge cannot be recognized under the equitable *de facto* doctrine citing, without elaboration, *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160 (2002). This reliance on *Daniels* is misplaced because *Daniels* was a direct attack, not a collateral attack, on an officer's authority and a plurality of the court determined a *de facto* analysis should not apply because the administrative agency acted without statutory authority in making the questioned appointments and as a result threatened the basic objectives of the relevant legislation. *Id.* at 164-67.

¶ 19    In the present case, defendant makes a collateral attack on the trial judge's authority as a *de facto* officer which, as earlier explained, he cannot do in a *habeas corpus* proceeding. The trial court had subject matter jurisdiction and personal jurisdiction over the defendant; therefore, defendant's conviction and sentence are not void.

¶ 20    Defendant's original judgment of conviction is not void, his maximum term has not yet expired, and nothing has occurred to warrant defendant's immediate discharge. Therefore, the trial court is without jurisdiction to grant *habeas corpus* relief. *Faircloth v. Sternes*, 367 Ill. App. 3d 123, 125 (2006). We find that the trial court did not err in this case when it determined that it did not have jurisdiction to grant *habeas corpus* relief.

¶ 21                              CONCLUSION

¶ 22    Based on the foregoing, the judgment of the circuit court is affirmed.

¶ 23    Affirmed.