2019 IL App (2d) 180942-U
No. 2-18-0942
Order filed November 21, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOSEPH RACANELLI, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-MR-715 |
| | ) | |
| THE PEOPLE OF THE STATE | ) | |
| OF ILLINOIS, | ) | Honorable |
| | ) | Theodore S. Potkonjak, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices Burke and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly dismissed plaintiff's habeas corpus complaint, as he could present his speedy-trial claim in a direct appeal.

¶ 2    Plaintiff, Joseph Racanelli, a person held on the authority of an order finding probable cause for his detention in proceedings under the Sexually Violent Persons Commitment Act (SVPCA) (725 ILCS 207/1 *et seq*. (West 2006)), appeals from the dismissal of his *habeas corpus* complaint.  We hold that the circuit court did not err in dismissing the complaint as plaintiff was using *habeas corpus* as an improper substitute for raising his speedy-trial claim on direct appeal. We therefore affirm the dismissal.

¶ 3                                    I. BACKGROUND

¶ 4     On June 6, 2018, plaintiff filed a "petition" for *habeas corpus* (properly, a complaint (see

735 ILCS 5/10-104 (West 2016))) in the circuit court of Lake County.  It bore the caption, "People

of the State of Illinois vs. Joseph Racanelli," and it did not name an individual defendant.

However, the Attorney General appeared for Forest J. Ashby, the director of the Rushville

Treatment and Detention Facility—the facility at which plaintiff was detained.  The Attorney

General asserted that Ashby, as the person in whose custody plaintiff was held, was the proper

defendant.[1]

¶ 5     The complaint alleged that, on July 14, 2006, the circuit court had sentenced plaintiff to

three years in the Department of Corrections on a conviction of aggravated criminal sexual abuse

(720 ILCS 5/12-15(b) (West 2006))—the year of the offense is not clear from the record.  On

February 1, 2007, the day before he was scheduled to be released, the State filed a petition seeking

his adjudication as a sexually violent person under the SVPCA.  On February 5, 2007, the circuit

court, acting under section 30 of the SVPCA (725 ILCS 207/30 (West 2006)), found probable

cause for his continued detention.  He asserted that, despite a written demand for a speedy trial

under section 35(a) of the SVPCA (725 ILCS 207/35(a) (West 2006)), plaintiff continued to be

detained on the authority of the probable-cause finding.  He argued that the delay of his trial by

4347 days was "presumptively prejudicial" and violated his statutory and constitutional rights to a

speedy trial.

_____

[1] In his response brief, the Attorney General states, "plaintiff is currently in custody of the

Illinois Department of Human Services (DHS), DHS director Gregory Scott should be named as

the defendant in this appeal."

¶ 6    Defendant moved to dismiss the complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)).  He argued that *habeas corpus* relief is limited to the grounds in section 10-124 of the Code (735 ILCS 5/10-124 (West 2018)).  (Article X contains the *habeas corpus* provisions.)  Defendant stated that, under section 10-124, relief is available only to a person "detained under a judgment of a court that lacked jurisdiction of the subject matter or the person of the plaintiff, or where there has been some postjudgment occurrence that entitles him to release."  Defendant first noted that plaintiff did not challenge the circuit court's jurisdiction to enter the probable cause finding.  Defendant then argued that plaintiff could not "demonstrate that a postjudgment occurrence entitles him to release"; because plaintiff was "awaiting trial, there has been no judgment" and his claim therefore fell "outside the scope of Article X."  Next, citing *White v. Phillips*, 405 Ill. App. 3d 190, 193 (2010), defendant asserted that the SVPCA provides only one way for a detainee to be discharged from the custody of the DHS: when the court enters a discharge order as provided by the SVPCA.  *Habeas corpus* relief is thus unavailable.  Finally, defendant argued that, because plaintiff had previously raised speedy-trial claims in a June 3, 2015, motion to dismiss on speedy-trial grounds, the law-of-the-case doctrine barred him from raising them again.

¶ 7    The circuit court, citing the rule against dual representation, stated that it would not consider what it called plaintiff's "motion"—his complaint—unless his counsel in the SVPCA proceedings adopted it.  His counsel agreed to do so and argued in court against the granting of the motion to dismiss.  The circuit court granted defendant's motion on October 5, 2018.  Plaintiff filed a notice of appeal on October 18, 2018.

¶ 8                                        II. ANALYSIS

¶ 9    On appeal, plaintiff asserts that, because an act or omission took place after his original detention that made his continuing detention improper such that he was entitled to *habeas corpus* relief, the circuit court should not have granted the motion to dismiss.  In particular, he claims that the State omitted to bring him to trial for "more tha[n] 4,300 days."

¶ 10    Defendant responds that the dismissal was proper on several bases.  In particular, he cites *Baker v. Department of Corrections*, 106 Ill. 2d 100, 106 (1985), which holds that "*mandamus* and *habeas corpus* are not permissible substitutes for direct appeal."  He thus argues that plaintiff, "having unsuccessfully moved to dismiss the [SVPCA] proceedings on speedy-trial grounds, *** may not renew the claim in a habeas corpus proceeding."

¶ 11    We agree with defendant that plaintiff improperly used *habeas corpus* proceedings as a substitute for direct review of his claim of a speedy-trial violation.  We are here guided by the holding in *People ex rel. Hatch v. Elrod*, 190 Ill. App. 3d 1004, 1010-11 (1989).  We review *de novo* an order granting a section 2-615 motion.  *Beacham v. Walker*, 231 Ill. 2d 51, 57 (2008) (applying the section 2-615 standard to the dismissal of a *habeas corpus* complaint); see also *People v. Sanders*, 2016 IL 118123, ¶ 55 (we may affirm a judgment on any basis supported by the record).

¶ 12    In *Hatch*, the defendant, awaiting trial for murder and armed robbery, filed a *habeas corpus* pleading "alleging that his right to due process had been violated because he had been denied a preliminary hearing and a speedy trial."  *Hatch*, 190 Ill. App. 3d at 1011.  The trial court dismissed the pleading and the defendant appealed.  The *Hatch* court held that, "[u]pon sentencing, the defendant had a legal right to appeal the judgment of the trial court," but that a "*habeas corpus* proceeding is not a substitute for a direct appeal."  *Hatch*, 190 Ill. App. 3d at 1011.  It further held that the trial court "did not err in dismissing the defendant's [pleading] since jurisdiction was

proper in the case at bar and the issues raised in the [pleading] are not the type of claims upon which *habeas corpus* relief is granted"; instead, the "defendant had a constitutionally protected right to raise these issues on direct appeal," which was "the proper vehicle to address these issues." *Hatch*, 190 Ill. App. 3d at 1012. Indeed, the defendant had raised the issues in a timely direct appeal. *Hatch*, 190 Ill. App. 3d at 1012.

¶ 13 *Hatch* is directly on point. Plaintiff, like the defendant in *Hatch*, has the right to raise a speedy-trial claim should he choose to file a direct appeal. Indeed, plaintiff previously moved to dismiss on speedy-trial grounds, thus clearly preserving any potential error relating to the delay before trial. As plaintiff may raise his claim should he choose to appeal, a *habeas corpus* complaint was an improper mechanism for raising that claim. The circuit court thus did not err in dismissing plaintiff's complaint.

¶ 14                                              III. CONCLUSION

¶ 15 For the reasons stated, we affirm the circuit court's dismissal of plaintiff's *habeas corpus* complaint.

¶ 16 Affirmed.