# Illinois Official Reports

## Appellate Court

---

### *People v. Abtahi*, 2020 IL App (1st) 181631

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FARZAD ABTAHI, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-18-1631 |
| Filed | April 24, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 96-CR-07106; the Hon. Steven G. Watkins, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Marc M. Barnett, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Brian K. Hodes, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Justices Cunningham and Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant Farzad Abtahi[1] appeals from the dismissal of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)), which alleged the trial court's order entering judgment on his guilty plea to possession of a controlled substance with intent to deliver was void. On appeal, defendant argues the circuit court erred by dismissing his petition without considering his argument on the merits. For the following reasons, we affirm.

### I. JURISDICTION

¶ 2

¶ 3 The trial court dismissed defendant's petition on June 27, 2018. Defendant filed his notice of appeal on July 3, 2018. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. July 1, 2017), governing appeals from a final judgment of conviction in a criminal case entered below.

### II. BACKGROUND

¶ 4

¶ 5 In 1996, defendant was charged with manufacture or delivery of a substance containing heroin (720 ILCS 570/401(c)(1) (West 1996)). On September 2, 1997, at a hearing attended by defendant and private counsel, the State informed the trial court that the parties had reached an agreement in which defendant would plead guilty to "Class 1 possession with intent" in exchange for a recommendation of probation. The trial court admonished defendant that, by pleading guilty, he would "give up" his right to a trial, including his right to be proven guilty beyond a reasonable doubt, confront witnesses, present evidence, and testify on his own behalf. Defendant acknowledged that he understood. Defendant also understood that his signature on the documents meant he was giving up his right to a jury trial and a presentence investigation in the case.

¶ 6 The State provided the following factual basis for the plea:

"If the State were to proceed to trial in this matter, [we] would call Chicago Police Officer Luis Caspo who would testify *** January 18th, '96, *** he was executing a search warrant [at a specified location]. He observed the Defendant whom he would identify in open court. He would testify at that location, he did recover one foil packet of suspect heroin.

The Defendant was placed under arrest. *** If called to testify, Jorge Gomez would testify he's an expert in forensic chemistry, that he received one packet ***, that he weighed and analyzed the contents of the item and found the contents to test positive for heroin in the amount of 11.57 grams.

At this time [defendant] committed the offense, he was over the age of 17."

The State asked if defendant stipulated to those facts, and defense counsel replied, "So stipulated." The trial court then asked defendant, "Are those the facts you are pleading guilty to?" Defense counsel replied, "Yes, he is."

---

[1]In the record, defendant's name also appears as Farzad Abtahim.

¶ 7        The trial court accepted defendant's guilty plea and sentenced him to two years' probation. Finally, the trial court admonished defendant of his right to appeal, stating, "First you'd have to file a written petition to vacate your plea in the next 30 days stating the reasons why you feel your plea should be vacated." When the trial court asked defendant if he understood his right to appeal, defendant responded, "Yes, your Honor." The record does not show that defendant filed a motion to withdraw his guilty plea or an appeal.

¶ 8        On October 2, 2017, defendant filed a section 2-1401 petition through the same attorney who represented him at the plea hearing. The petition alleged that the trial court knew defendant was not a United States citizen but did not admonish him that he was pleading guilty to a "deportable offense." According to defendant, the "lack of proper admonishments regarding the effect of his plea on his immigration status was clearly a prime factor in [his] decision to plead guilty." Defendant also claimed that (1) he had an "extremely meritorious defense," (2) he likely would have been found not guilty had he gone to trial, (3) the factual basis for the plea failed to establish he possessed the purported controlled substance, and (4) the State's factual recitation alleged the substance was found in a "foil packet" while a police report stated it was found in a "clear plastic bag." Based on the foregoing, defendant alleged his conviction was "void" and should be vacated even though he filed his petition after the two-year limitations period expired.

¶ 9        The State filed a motion to dismiss defendant's section 2-1401 petition, arguing that defendant failed to establish he was exempt from the limitations period because the trial court had personal and subject-matter jurisdiction; the statute he was charged and convicted under was constitutional; and defendant did not allege disability, duress, or fraud.[2] Moreover, even if defendant were able to overcome the outlined procedural barriers, his claims lacked merit because the factual basis for his plea was sufficient, he did not seek to withdraw his plea, and the law in effect at the time of the plea did not require the trial court to admonish him about immigration-related consequences.

¶ 10       Defendant filed a reply, asserting he "did not state on the record that he was guilty" but only acknowledged he would surrender certain rights by pleading guilty and, therefore, the trial court "did not have jurisdiction to make a finding of guilty" or "to impose any sentence." The State filed a response in which it reaffirmed that the trial court had jurisdiction to enter the challenged judgment.

¶ 11       At the hearing on defendant's section 2-1401 petition, the circuit court reviewed the plea hearing transcript and asked defense counsel why he answered affirmatively when the trial court asked whether defendant was pleading guilty pursuant to the stated factual basis. Defense counsel responded, "at the time, I thought it was a fair deal" and he "only" filed the petition due to defendant's "deportation problem."

¶ 12       On June 27, 2018, the circuit court entered an order dismissing defendant's section 2-1401 petition, stating it was untimely and that defendant failed to demonstrate that the trial court lacked personal or subject-matter jurisdiction and did not allege that his conviction rested on a facially unconstitutional statute.

---

[2]The record omits one page of the State's motion.

III. ANALYSIS

¶ 14     On appeal, defendant argues the circuit court "abused its discretion" by dismissing his section 2-1401 petition without addressing the merits because defendant never pled guilty on the record and, therefore, the trial court did not have jurisdiction to enter his guilty plea or sentence him.

¶ 15     Section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)) provides a statutory procedure through which a party may challenge a final order or judgment in civil and criminal proceedings after 30 days from entry. *People v. Thompson*, 2015 IL 118151, ¶ 28. To prevail, a movant must prove, by a preponderance of the evidence, (1) the existence of a meritorious claim or defense, (2) due diligence in presenting the claim or defense, and (3) due diligence in filing the petition. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 37.

¶ 16     Generally, a movant must file a section 2-1401 petition within two years of the challenged judgment unless the limitations period is waived by the opposing party. 735 ILCS 5/2-1401(c) (West 2018); *Thompson*, 2015 IL 118151, ¶¶ 28-29. An exception to the two-year limitation exists where the petition attacks a final judgment on the ground that it is void. *Thompson*, 2015 IL 118151, ¶ 29. A judgment is void only where it (1) was entered by a court lacking jurisdiction or (2) rests on a facially unconstitutional statute. *Id.* ¶¶ 31-32; see also *People v. Castleberry*, 2015 IL 116916, ¶ 19. The allegation "that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." (Internal quotation marks omitted.) *Walters*, 2015 IL 117783, ¶ 48. We review a circuit court's decision regarding a section 2-1401 petition alleging that a judgment is void *de novo*. *Bank of America, N.A. v. Kulesza*, 2014 IL App (1st) 132075, ¶ 14; see also *Willis Capital LLC v. Belvedere Trading LLC*, 2015 IL App (1st) 132183, ¶ 19 ("Where the trial court dismisses a section 2-1401 petition without holding an evidentiary hearing, our standard of review is *de novo*.").

¶ 17     In this case, defendant does not assert that the statute under which he was charged and convicted is facially unconstitutional. Instead, defendant argues that the trial court lacked jurisdiction to enter judgment on the guilty plea because defendant did not plead guilty on the record.

¶ 18     " 'Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time.' " *Castleberry*, 2015 IL 116916, ¶ 11 (quoting *People v. Davis*, 156 Ill. 2d 149, 155 (1993)). Jurisdiction is composed of two elements: personal jurisdiction and subject-matter jurisdiction. *Id.* ¶ 12. Personal jurisdiction refers to a court's power to "bring a person into its adjudicative process." (Internal quotation marks omitted.) *Id.* A trial court acquires personal jurisdiction over a criminal defendant when he appears personally before it. *People v. Rios*, 2013 IL App (1st) 121072, ¶ 16. Subject-matter jurisdiction refers to a court's power to "hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *Castleberry*, 2015 IL 116916, ¶ 12. Pursuant to the Illinois Constitution, trial courts are vested with jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, § 9; *Davis*, 156 Ill. 2d at 156.

¶ 19     Here, the record clearly shows that the trial court had both personal and subject-matter jurisdiction when it entered judgment on defendant's guilty plea. By being present at the plea hearing, defendant conferred personal jurisdiction on the trial court. See *Rios*, 2013 IL App

(1st) 121072, ¶ 16. Furthermore, defendant was charged under a criminal statute, so the trial court had subject-matter jurisdiction over his case. See *Davis*, 156 Ill. 2d at 156. Because the trial court had the requisite jurisdiction to enter the challenged judgment, defendant fails to demonstrate that the judgment was void. See *Thompson*, 2015 IL 118151, ¶ 31. Consequently, defendant was not excused from the limitations period, and the circuit court properly dismissed defendant's section 2-1401 petition.

¶ 20                                    IV. CONCLUSION

¶ 21        For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 22        Affirmed.