**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210313-U

Order filed September 28, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| SUVAD DARDAGAN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-21-0313 |
| | ) | Circuit No. 19-MR-1996 |
| WALTER NICHOLSON, | ) | |
| | ) | Honorable Brian E. Barrett, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices McDade and Peterson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not err by dismissing plaintiff's petition for *habeas corpus*, with prejudice, under section 2-615 of the Code of Civil Procedure. Further, this appeal is frivolous under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Within 30 days, plaintiff must show cause why sanctions should not be imposed.

¶ 2   Suvad Dardagan filed a petition for *habeas corpus* against the warden of Stateville Correctional Center, Walter Nicholson, under section 10-102 of the Code of Civil Procedure (Code) (735 ILCS 5/10-102 *et seq*. (West 2018)). Nicholson filed a motion to dismiss Dardagan's petition for *habeas corpus* under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)), which was granted by the circuit court with prejudice. Dardagan appeals.

¶ 3                                    I. BACKGROUND

¶ 4    In 1999, Dardagan was charged with four counts of predatory criminal sexual assault of his niece in the circuit court of Cook County under section 12-14.1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12-14.1(a)(1) (West 1998)). In April 2003, the circuit court of Cook County entered a judgment of conviction and sentence against Dardagan under grand jury indictment No. 99-CR-15727. The judgment was later modified in October 2007. Dardagan's conviction and sentence was affirmed by the First District of our appellate court, which noted he unsuccessfully challenged his indictment before trial. See *People v. Dardagan*, No. 1-03-3415, p. 4 (2006) (unpublished order under Illinois Supreme Court Rule 23). Our supreme court denied Dardagan's petition for leave to appeal. Dardagan is presently serving a 90-year prison sentence.

¶ 5    On July 3, 2019, Dardagan filed a petition for *habeas corpus* in the circuit court of Will County against the warden of Stateville Correctional Center, Nicholson, under section 10-102. Dardagan alleged the circuit court of Cook County was not provided with information that he "committed any felony criminal offense *** within the territorial jurisdiction of the Circuit Court of Cook County, or in any other County within the borders of this State." Likewise, no police department within the territorial jurisdiction of the circuit court of Cook County had a claim or record of his arrest. The Cook County State's Attorney allegedly failed to file a criminal complaint to commence a criminal action against Dardagan. Dardagan argued, pursuant to an attached affidavit from the Cook County State's Attorney's Office, "[t]here was no arrest report or complaint submitted to the court on June 18, 1999[,] as the court hearing on that date was Mr. Dardagan's bond hearing." Therefore, Dardagan requested an order that vacated the judgment of conviction and sentence and directed Nicholson to grant his immediate release from custody.

¶ 6    On May 4, 2020, Nicholson filed a motion to dismiss under section 2-615. Nicholson also requested a finding of frivolousness under section 22-105 of the Code (735 ILCS 5/22-105 (West

2020)). Nicholson argued the circuit court of Cook County was vested with subject matter jurisdiction under article VI, section 9, of the Illinois Constitution. Nicholson also argued the circuit court of Cook County obtained personal jurisdiction over Dardagan by his appearance.

¶ 7        Further, Nicholson disputed Dardagan's claim that there was no criminal complaint filed by the Cook County State's Attorney, stating "[t]he affidavit referenced in *** [Dardagan's] complaint noted that the appropriate charging documents were filed against him on July 13, 1999[,] *** [a]nd [that] the appellate court noted *** [he] had sought dismissal of the indictment prior to trial and filed separate motions for discharge and to quash the indictment, which were denied." According to the affidavit, the Cook County State's Attorney provided Dardagan with "the only arrest report in the case as well as the charging documents from July 13, 1999." Further, Dardagan did not challenge the indictment in his appeal. Nicholson argued Dardagan's petition for *habeas corpus* identified no postconviction basis for an immediate release from custody. Since Dardagan only raised events that occurred prior to his conviction, Nicholson sought a dismissal of the petition for *habeas corpus* due to the failure to state a claim.

¶ 8        On July 9, 2021, the circuit court dismissed Dardagan's petition for *habeas corpus*, with prejudice, under section 2-615, and entered a finding of frivolousness under section 22-105. The circuit court imposed fines related to this litigation against Dardagan. Dardagan appeals.

¶ 9                                    II. ANALYSIS

¶ 10       On appeal, Dardagan argues the circuit court erred by dismissing his petition because "[t]he claim raised *** [was] that the Cook County Circuit Court never established the existance [*sic*] of the territorial jurisdiction to commence and prosecute a criminal charge." Dardagan asserts that his petition was supported by an affidavit of the Cook County State's Attorney's Office, which indicated "that '[t]here was no complaint or arrest report submitted to the court on

3

June 18, 1999[,] as the court hearing on that date was Mr. Dardagan's bond hearing.' " Since no charge existed, Dardagan argues he must be granted an immediate release from custody.[1]

¶ 11     Nicholson has not filed a brief on appeal. However, the Attorney General filed a brief, echoing Nicholson's arguments in the circuit court. The Attorney General also requests a further finding of frivolousness and the imposition of sanctions against Dardagan, arguing his "custody is supported by a plainly valid conviction and both his *** [petition] and his appellate brief raise an allegation disproved by his own exhibit and available court records."[2]

¶ 12     Relevantly, a motion to dismiss a petition for *habeas corpus* under section 2-615 is reviewed *de novo*. See *Beacham v. Walker*, 231 Ill. 2d 51, 57-58 (2008); accord *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 19. Such a motion challenges the legal sufficiency of the petition due to facially apparent defects. See *Beacham*, 231 Ill. 2d at 57; accord *Blumenthal*, 2016 IL 118781, ¶ 19. When reviewing the motion to dismiss, courts must accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. See *Beacham*, 231 Ill. 2d at 57-58; accord *Blumenthal*, 2016 IL 118781, ¶ 19. Courts must also construe the allegations contained in the petition in a light most favorable to the plaintiff. See *Beacham*, 231 Ill. 2d at 58; see also *Blumenthal*, 2016 IL 118781, ¶ 19. The petition should not be dismissed unless it is clearly apparent that no set of facts can be proven to entitle the plaintiff to relief. See *Beacham*, 231 Ill. 2d at 58. However, the plaintiff must allege sufficient facts to bring the claim within a legally recognized cause of action. See *id.*; see also *Blumenthal*, 2016 IL 118781, ¶ 19.

---

[1]Dardagan does not appeal the circuit court's finding of frivolousness or the imposition of fines under section 22-105.

[2]The Attorney General notes Dardagan's *habeas corpus* arguments were presented to and rejected by the United States District Court for the Northern District of Illinois, Eastern Division. See *Dardagan v. Hammers*, No. 21-cv-1317 (N.D. Ill. Apr. 14, 2021) (unpublished order).

¶ 13    Further, section 10-124 of the Code, pertaining to causes for discharge when in custody on process of court, provides the only grounds on which *habeas corpus* relief is available. See 735 ILCS 5/10-124 (West 2018); *Beacham*, 231 Ill. 2d at 58 (citing *People v. Gosier*, 205 Ill. 2d 198, 205 (2001); *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430 (1998)). As indicated by those grounds, an order of *habeas corpus* will be entered only if (1) the prisoner was incarcerated under a judgment of a court that lacked subject matter or personal jurisdiction, or (2) an occurrence after the prisoner's conviction entitles him or her to a release from prison. *Beacham*, 231 Ill. 2d at 58 (citing *Gosier*, 205 Ill. 2d at 205; *Barney*, 184 Ill. 2d at 430); accord *Round v. Lamb*, 2017 IL 122271, ¶ 8; *White v. Phillips*, 405 Ill. App. 3d 190, 192 (2010). Even in cases of constitutional rights, a petition for *habeas corpus* may not be used to review proceedings that do not exhibit such defects. *Beacham*, 231 Ill. 2d at 58 (citing *Gosier*, 205 Ill. 2d at 205; *Barney*, 184 Ill. 2d at 430). Likewise, the remedy of *habeas corpus* is not available to review errors that are of a nonjurisdictional nature, as to merely render a judgment voidable as opposed to void. *Id*. at 58-59 (citing *People ex rel. Lewis v. Frye*, 42 Ill. 2d 311, 313 (1969)); accord *White*, 405 Ill. App. 3d at 192. In practice, a petition for *habeas corpus* must be " 'in substantial accord and compliance with the provisions of the statute[] and *** show[] upon its face that the petitioner is entitled to *** discharge.' " *Beacham*, 231 Ill. 2d at 59 (quoting *Hennings v. Chandler*, 229 Ill. 2d 18, 28 (2008)). If it is clear from a review of the petition for *habeas corpus* that the plaintiff is not entitled to relief, then the petition must be denied. *Id*. (quoting *Hennings*, 229 Ill. 2d at 26).

¶ 14    Here, personal jurisdiction was acquired by the circuit court of Cook County when Dardagan, undisputedly, appeared on charges of four counts of predatory criminal sexual assault under section 12-14.1(a)(1) of the Criminal Code of 1961. See *People v. Rios*, 2013 IL App (1st) 121072, ¶¶ 15-16; accord *People v. Abtahi*, 2020 IL App (1st) 181631, ¶ 18. Subject matter

5

jurisdiction was also acquired since the charges of predatory criminal sexual assault under section 12-14.1(a)(1) of the Criminal Code of 1961 were "justiciable matter[s]," *i.e.*, "controvers[ies] appropriate for review by the court, in that *** [they were] definite and concrete, as opposed to hypothetical or moot, [and] touch[ed] upon the legal relations of parties having adverse legal interests." See *Rios*, 2013 IL App (1st) 121072, ¶¶ 15-16 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334-35 (2002)); see also *Abtahi*, 2020 IL App (1st) 181631, ¶ 18. This is all that was required by our constitution for subject matter jurisdiction. See *Rios*, 2013 IL App (1st) 121072, ¶¶ 15-16; see also Ill. Const. 1970, art. VI, § 9; *Abtahi*, 2020 IL App (1st) 181631, ¶ 18. As such, Dardagan was not incarcerated under a judgment by a court that lacked jurisdiction. See *Beacham*, 231 Ill. 2d at 58; accord *Round*, 2017 IL 122271, ¶ 8; *White*, 405 Ill. App. 3d at 192. Dardagan's other asserted bases for a release, such as the mistaken belief that an arrest report and charging documents were filed on June 18, 1999, instead of July 13, 1999, occurred before his conviction and would not render the judgment of conviction and sentence void. See *Beacham*, 231 Ill. 2d at 58-59; accord *Round*, 2017 IL 122271, ¶ 8; *White*, 405 Ill. App. 3d at 192. For these reasons, we conclude that the circuit court properly dismissed Dardagan's petition for *habeas corpus* under section 2-615.

¶ 15        Next, we recognize that the circuit court exercised its statutory authority under section 22-105 by entering a finding of frivolousness and imposing certain fines against Dardagan. Now, we address the Attorney General's request for a finding that Dardagan's appeal is also frivolous, such that the imposition of sanctions is warranted in this appeal. Our authority to impose sanctions for a frivolous appeal derives from Rule 375(b), which provides as follows:

> "If, after consideration of an appeal *** in a reviewing court, it is
> determined that the appeal *** itself is frivolous[] *** an appropriate sanction

6

may be imposed upon any party or the attorney or attorneys of the party or parties. An appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law *** .

Appropriate sanctions for violation of this section may include an order to pay to the other party *** the reasonable costs of the appeal *** and any other expenses necessarily incurred by the filing of the appeal ***, including reasonable attorney fees.

A reviewing court may impose a sanction upon a party *** upon the motion of another party *** or on the reviewing court's own initiative where the court deems it appropriate. If the reviewing court initiates the sanction, it shall require the party or attorney, or both, to show cause why such a sanction should not be imposed before imposing the sanction. Where a sanction is imposed, the reviewing court will set forth the reasons and basis for the sanction in its opinion or in a separate written order." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

See also *Johnson v. Williams*, 2016 IL App (3d) 150824, ¶¶ 10-12 (Third District applying Rule 375(b) in an appeal from the dismissal of a *habeas corpus* action). The propriety of sanctions under Rule 375(b) is determined by an objective standard of conduct. *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 59. Rule 375(b) sanctions are intended to condemn and punish litigants' abusive conduct since frivolous litigation wastes time, money and resources that could be better spent addressing the potentially meritorious claims of good-faith litigants. *Id.*; *Johnson*, 2016 IL App (3d) 150824, ¶ 10. Rule 375(b) sanctions may be imposed against *pro se* litigants "under sufficiently egregious circumstances." *Garlick*, 2018 IL App (2d)171013, ¶ 59.

7

¶ 16    Here, the Attorney General is correct that the record and Dardagan's own exhibits indicate his arguments on appeal are entirely without merit. For example, the affidavit from the Cook County State's Attorney plainly demonstrates that Dardagan was provided the arrest report and charging documents from July 13, 1999. Nevertheless, in this appeal, Dardagan persists in arguing that no charges existed in the Cook County circuit court because there is no arrest report or charging documents for the date of his bond hearing, June 18, 1999. Likewise, the undisputed facts of record and the settled legal authorities indicate Dardagan's arguments are fabricated. The bases for a release, alleged by Dardagan, occurred before his conviction. Further, Dardagan undisputedly appeared in the circuit court of Cook County, where the circuit court could clearly address the justiciable matters raised by the charges under section 12-14.1(a)(1) of the Criminal Code of 1961. See *Rios*, 2013 IL App (1st) 121072, ¶¶ 15-16; *Abtahi*, 2020 IL App (1st), ¶ 18.

¶ 17    For these reasons, Dardagan's appeal is frivolous under Rule 375(b). His arguments are not reasonably well grounded in fact, warranted by existing law, or warranted by a good-faith argument for the extension, modification, or reversal of existing law. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); *Garlick*, 2018 IL App (2d) 171013, ¶ 59. Therefore, within 30 days of this order, Dardagan is ordered to show cause why sanctions should not be imposed under Rule 375(b). See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); *Johnson*, 2016 IL App (3d) 150824, ¶ 12 (Third District ordering *pro se* plaintiff, in appeal from the dismissal of a *habeas corpus* action, to show cause within 30 days why sanctions should not be imposed under Rule 375(b)).

¶ 18                                III. CONCLUSION

¶ 19    The judgment of the circuit court of Will County is affirmed.

¶ 20    Affirmed.