NOTICE

Decision filed 05/27/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240771-U

NO. 5-24-0771

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clay County. |
| | ) | |
| v. | ) | No. 97-CF-25 |
| | ) | |
| JAMES C. TAYLOR JR., | ) | Honorable |
| | ) | Joel J.C. Powless, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice McHaney and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in dismissing defendant's petition for relief from judgment where the petition was untimely and there is no basis to excuse the untimely filing.

¶ 2    Defendant James Taylor Jr. was found guilty of two counts of predatory criminal sexual assault of a child and was sentenced to concurrent 60-year terms in the Illinois Department of Corrections. He appeals the dismissal of his petition for relief from judgment. Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), concluded this appeal lacks substantial merit and filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

¶ 3    This court provided defendant an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal

1

has merit. However, no document was filed. This court reviewed OSAD's *Finley* motion, the accompanying memorandum of law, and the record on appeal, and concludes this appeal lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                    I. BACKGROUND

¶ 5                              A. Charges and Pretrial

¶ 6     On September 9, 1997, defendant was charged by information with predatory criminal sexual assault of a child. The information stated the following:

> "That on one or more occasion over a period of time of approximately eight (8) months, beginning May 1, 1996 and through January 31, 1997, with the latest incident during December, 1996 or January, 1997, in Clay County, Illinois, JAMES C. TAYLOR, JR., A/K/A JIMMIE TAYLOR committed the offense of PREDATORY SEXUAL ASSAULT OF A CHILD, in violation of Chapter 720, Act 5, Section 12-14.1(1) of the Illinois Compiled States, in that said Defendant, who was seventeen years of age or older, knowingly committed an act of sexual penetration with S.P., who was under thirteen years of age when the act was committed, in that said Defendant's hand made contact with the vagina of S.P., or Defendant's penis made contact with the vagina of S.P., or Defendant's penis made contact with the anus of S.P."

At the preliminary hearing, witnesses testified that the minor victim reported three acts of penetration that defendant committed against her. According to the testimony, the victim reported incidents that occurred in late December 1996 or early January 1997, as well as during the summer of 1996 while she was at her grandparents' house. The court found probable cause and set the matter for a jury trial to take place on December 16, 1997.

¶ 7    On December 4, 1997, the court held a pretrial hearing on the State's motion to admit hearsay statements made by the minor victim. See 725 ILCS 5/115-10 (West 1996). After hearing witness testimony, the court sought clarification on the State's charges, noting that there was only one count in the information, although the witnesses testified to three separate occurrences. The court found the State could not combine three occurrences into a single charge, and defendant was "entitled to all his rights of proof beyond a reasonable doubt individually and separately."

¶ 8    The court asked defense counsel whether he would object to the State separating the allegations into individual charges and whether he would still be prepared to go to trial. Defense counsel responded, "As long as nothing essential to the allegations is changed from what it is now, I have no problem going to trial with that." The prosecutor stated he would separate the charges and file new charging documents.

¶ 9    On December 10, 1997, the State filed a motion to amend the information and add additional counts. The amended information contained three separate counts, each alleging that defendant committed "Predatory Sexual Assault of a Child," in violation of "720 ILCS 5/12-14.1(1)." Count I alleged, "That during a time period between December 1, 1996 and January 10, 1997, *** Defendant's penis made contact with the anus of S.P." Count II relied on the same time period and alleged that "Defendant's finger intruded the vagina of S.P." Count III alleged, "That during a time period between May 29, 1996 and August 18, 1996, *** Defendant's finger intruded the vagina of S.P." The parties appeared in court the same day to address the amended information. The prosecutor noted that, "[t]he offenses, while alleged in a different form, are the same offenses as were alleged previously." Defense counsel indicated that he had no objection to the amended information, stating, "I believe they are done based upon a question of the prior single count

3

possibly being defective for combining all three things into one. So[,] I don't have any objection to them filing three separate counts."

¶ 10    The judge then read the charges in the amended information to defendant and advised him of the minimum and maximum penalties. Defendant stated that he understood the charges and penalties. Defense counsel proposed waiving the preliminary hearing because there was a preliminary hearing on the original allegations, and the amended information merely broke down the original charge into separate charges. The court advised defendant of the purpose of a preliminary hearing and the effect of waiving it. Defendant stated that he understood and that he wished to waive it. He then signed a waiver in open court, indicating that he was doing so freely and voluntarily and understood the purpose of the preliminary hearing and the effect of waiver.

¶ 11                    B. Trial, Direct Appeal, and Postconviction Petition

¶ 12    A jury trial commenced on December 16, 1997. On December 18, the State filed a motion to amend the information to correct improperly captioned offenses, stating the charges should have read "Predatory Criminal Sexual Assault of a Child," but were missing the word "Criminal" in the caption of each count. The State also sought to correct the miscited statutory provision from "720 ILCS 5/12-14.1(1)" to "720 ILCS 5/12-14.1(a)(1)." Finally, the State's motion requested leave to remove the language "between May 29, 1996, and August 18, 1996" in count III and only state, "after May 29, 1996."

¶ 13    As to the inclusion of the word "criminal," defense counsel stated, "If that's the caption of the charge, I don't see how we have any disagreement." The court then addressed the proposed citation change from 12-14.1(a) to 12-14.1(a)(1) and asked defense counsel for his position. Defense counsel stated, "Your Honor, we are perfectly willing to go to trial on the wrong charge,

4

and I don't feel we should be objecting at this point in time after the trial is over." The court classified counsel's response as an objection and stated:

> "I think what is key here is the elements are correctly alleged; counsel came prepared on what the elements were. It's apparent that the prosecution was based upon (a)(1). I note that there isn't even a (b)(1) in the statute. The only subparagraph 1 is of (a) so I am going to allow it so now it will be 12-14.1(a)(1)."

¶ 14 The State's third request only addressed count III and would have removed the language "between May 29, 1996, and August 18, 1996" to simply state "on or after May 29, 1996." Defense counsel objected, stating:

> "I think August 18th was originally picked because that's when they claimed the child resumed school, according to a school calendar. I think you have to have a time frame and I don't know that simply saying after May 29th is sufficient. *** I don't know that those can be left wide open that it happened after May 29, 1996 ***. We think it's exceptionally vague."

The court agreed with defense counsel that allowing the State to allege that the acts in count III occurred any time after May 29, 1996, including through the summer of 1997, created vagueness that contradicted the evidence. The court noted the evidence was clear that this incident occurred in the summer of 1996 and recommended the State amend the dates to "between May 29, and August 31, 1996." The State agreed and the court amended count III "to show a time period between May 29th, 1996, and August 31, 1996." Thereafter, defense counsel moved for a directed verdict, which was denied.

¶ 15 At the end of the trial, defendant was acquitted on count I but convicted on counts II and III. Defense counsel filed a posttrial motion, in which he alleged, *inter alia*, that the court erred by

5

suggesting that the original information should be broken down into three separate charges. The court denied his motion, and the judgment and sentence were entered on January 27, 1998.

¶ 16    Defendant filed a direct appeal, raising two issues. First, defendant argued that the jury instructions were improper because they failed to instruct the jury that the State had the burden of proving every element of the charge beyond a reasonable doubt. Second, he argued that, because the effective date of the predatory criminal sexual assault statute was May 29, 1996, and the jury was instructed that the State did not have to prove a precise date on which the alleged offenses occurred, defendant may have been found guilty of offenses that did not exist at the time the alleged acts were performed.

¶ 17    This court found the first issue to be harmless error, because only one of the three propositions contained in the issues instructions was contested. See *People v. Taylor*, No. 5-98-0088 (2000) (unpublished order under Illinois Supreme Court Rule 23). We further found that the evidence of guilt was sufficient to sustain the convictions. Regarding the second argument, we found that the evidence for counts II and III established that both offenses occurred after the effective date of the statute, and there was no evidence of the offenses occurring before that date. Accordingly, we affirmed the circuit court's judgment.

¶ 18    Defendant filed a *pro se* postconviction petition on April 3, 2000. Therein, he alleged, *inter alia*, that trial counsel was ineffective for failing to file a motion to dismiss his charges for failure to state an offense, because the statute under which he was charged was struck down by the supreme court, and appellate counsel was ineffective for failing to raise the aforementioned issue on direct appeal. He also alleged that trial counsel erred in allowing the State to amend the information "three days deep into trial" without giving him the opportunity to plead anew and prepare a defense. He argued that this violated due process because the State's additional counts

6

alleged "penis-anus penetration and penis-vagina penetration," which were "far more serious" than the original count of "finger-vagina penetration." He further claimed that trial and appellate counsel were ineffective by failing to object to and raise this issue on direct appeal, respectively. Defendant subsequently filed a supplement to his petition, arguing that his due process rights were violated because he was charged and convicted of a nonexistent offense due to an allegedly defective charging instrument.

¶ 19    The circuit court denied defendant's petition, and defendant appealed. We dismissed the appeal for lack of jurisdiction. *People v. Taylor*, No. 5-06-0486 (2006) (unpublished order).

¶ 20                          C. Petition for Relief From Judgment

¶ 21    On May 27, 2021, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). He argued that the judgment in his case was void because the original information listed the offenses as beginning on May 1, 1996, but the predatory criminal sexual assault statute was not in effect until May 29, 1996. By originally listing the May 1, 1996, commencement date, he asserted, the State was precluded from amending that information, because any amendment would have been a "substantial" amendment and not a correction of a formal defect. Defendant further argued that the State's amendment to the information was "substantial" because "both the date and the type of crime was changed from the original information."

¶ 22    Defendant contended that the original information should have been dismissed, and a new charging instrument filed. He further argued that the judgment was void because the State did not "reverify" the new charges. Defendant was granted leave to file an amended petition, and on November 4, 2022, he added the argument that there was no evidence to support his convictions because the doctor's report did not find evidence of assault.

¶ 23    The State moved to dismiss, arguing that defendant's petition repeated issues of fact and law previously decided on appeal. In response, defendant argued that he was not re-raising old issues but rather using those issues as support for his argument that the judgment was void.

¶ 24    The court held a hearing on the State's motion to dismiss on December 11, 2023. Defendant contended that the State had originally charged him with touching the victim but later changed the charge to involve penetration. He argued that his conviction was void because of the "substantial change that was made to the original information." He further explained that he and his attorney had no issue with the State's decision to separate the charge against him out into three charges, but, because of the allegedly substantial changes made in doing so, the State was required to re-verify the information for the new charges.

¶ 25    The court took the matter under advisement and ultimately granted the State's motion to dismiss. In its order, the court found that defendant was "arguing factual issues and/or issues of law previously decided upon in his Appeal and Post-Conviction Petitions." The order further stated that defendant merely argued that the evidence could not support his conviction for the two charges, despite this court's ruling on appeal that the evidence was sufficient to show that defendant committed the offenses. Lastly, the circuit court noted that defendant admitted in his response to the State's motion to dismiss that he was indeed raising the same issues that he had argued previously. The court therefore concluded that there were no remaining issues in defendant's petition that had not been resolved or waived as a result of previous denials by the circuit and appellate courts.

¶ 26    Defendant filed a motion to reconsider on April 1, 2024. He argued that the changes between the original and new information were "substantial" because the commencement date changed "from a non-existen[t] crime to a date the new law became a crime" and also changed

8

"one crime for a total[ly] new crime." He further argued that with these "substantial" changes, the new charges were not "reverified" by the complaining witness.

¶ 27   The court held a hearing on defendant's motion to reconsider on May 20, 2024. At the hearing, defendant repeated the assertions made in his motion to reconsider, stating that he and his attorney agreed that the State was allowed to separate information about the original, single charge into three separate charges "as long as nothing essential to the allegations" changed. However, he alleged that the State made substantial, unverified changes by altering both the types and dates of the charges. The circuit court denied defendant's motion to reconsider on May 20, 2024.

¶ 28   Defendant filed a notice of appeal, and OSAD was appointed to represent him. OSAD now moves to withdraw as appellate counsel.

¶ 29                                    II. ANALYSIS

¶ 30   OSAD argues that dismissal of the petition was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD states that it considered raising on appeal the issue of whether the circuit court properly dismissed defendant's section 2-1401 petition. OSAD determined that this issue would be without arguable merit, and the court's dismissal of the petition was therefore proper.

¶ 31   A petition for relief from judgment pursuant to section 2-1401 of the Code provides a procedure by which a final judgment may be vacated more than 30 days after its entry. *People v. Haynes*, 192 Ill. 2d 437, 460 (2000). A section 2-1401 petition is intended to correct errors of fact that were "unknown to the petitioner and the court at the time the judgment was entered, which, if then known, would have prevented the rendition" of that judgment. *Id.* at 461. However, it is "not designed to provide a general review of all trial errors nor to substitute for direct appeal." (Internal quotation marks omitted.) *Id.* In order to be entitled to relief under this section, the petitioner must

9

set forth (a) a meritorious claim or defense, (b) due diligence in presenting the claim or defense in the original action, and (c) due diligence in filing the petition. *People v. Coleman*, 206 Ill. 2d 261, 289 (2002).

¶ 32    When the circuit court's ruling on a section 2-1401 petition involves a fact-dependent challenge, we review the circuit court's decision for abuse of discretion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 50-51. However, as in the present matter, when the court's dismissal of a section 2-1401 petition is based solely on a legal challenge, we review its decision *de novo*. *Id.* ¶ 47.

¶ 33    Section 2-1401 petitions must be filed within two years of the entry of the challenged judgment. 735 ILCS 5/2-1401(c) (West 2020). This time limitation is mandatory, and petitions filed after the two-year period will generally not be considered. *People v. Gosier*, 205 Ill. 2d 198, 206 (2001) (citing *People v. Caballero*, 179 Ill. 2d 205, 210 (1997)).

¶ 34    The circuit court entered final judgment against defendant on January 27, 1998. Defendant filed his section 2-1401 petition on May 27, 2021, well beyond the two-year limitations period. However, the Code provides that "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." 735 ILCS 5/2-1401(c) (West 2020); see also *People v. Pinkonsly*, 207 Ill. 2d 555, 563-64 (2003). Furthermore, the time limitation does not apply if the opposing party has waived it, or if the judgment being challenged is void. *Gosier*, 205 Ill. 2d at 206-07.

¶ 35    Defendant did not allege that any of the factors that would toll the two-year period apply here. Furthermore, there are no facts in the record that would support an argument that defendant was under legal disability or duress, or that his grounds for relief had been fraudulently concealed from him. Instead, he argues that the court's judgment is void.

10

¶ 36     The basis for defendant's voidness argument is as follows: (1) the original information stated that the offense began on May 1, 1996, which was prior to the May 29, 1996, effective date of the predatory criminal sexual assault statute under which he was charged; (2) because of the aforementioned issue, any amendment to the information would have been a "substantial" amendment, rather than a cure of a formal defect; (3) the State's new information altered the charges and defendant was not given a new probable cause hearing or afforded reasonable time to further prepare his defense; (4) the State failed to re-verify the new charges; and (5) the supreme court held the statute under which he was charged to be unconstitutional.

¶ 37     Illinois recognizes two classifications of void judgments. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32. First, a final judgment is void where the court that entered it lacked personal or subject matter jurisdiction. *Id.* ¶ 31. Second, a judgment is void where it is based upon a facially unconstitutional statute, which is void *ab initio*. *Id.* ¶ 32. OSAD considered defendant's voidness argument and concluded there is no arguable merit to support this claim. For the following reasons, we agree.

¶ 38     The elements of jurisdiction are personal and subject matter jurisdiction. *People v. Castleberry*, 2015 IL 116916, ¶ 12. "Personal jurisdiction refers to the court's power to bring a person into its adjudicative process." (Internal quotation marks omitted.) *Id.* Subject matter jurisdiction is the court's power " ' "to hear and determine cases of the general class to which the proceeding in question belongs." ' " *Id.* (quoting *In re M.W.*, 232 Ill. 2d 408, 415 (2009), quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)).

¶ 39     "A trial court acquires personal jurisdiction over a criminal defendant when he appears personally before it." *People v. Abtahi*, 2020 IL App (1st) 181631, ¶ 18 (citing *People v. Rios*, 2013 IL App (1st) 121072, ¶ 16). Here, there is no question that the circuit court had personal

11

jurisdiction over defendant, as he appeared before the court on numerous occasions, including at trial.

¶ 40    Regarding subject matter jurisdiction, the Illinois Constitution grants circuit courts "original jurisdiction of all justiciable matters." Ill. Const. 1970, art. VI, § 9. To invoke the circuit court's subject matter jurisdiction, "a party need only present a justiciable matter, *i.e.*, 'a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests.' " (Internal quotation marks omitted.) *Castleberry*, 2015 IL 116916, ¶ 15 (quoting *Belleville Toyota, Inc.*, 199 Ill. 2d at 335).

¶ 41    In a criminal case, the charging instrument " 'need only "alleg[e] the existence of a justiciable matter." ' " *People v. Cole*, 2023 IL App (1st) 220174, ¶ 73 (quoting *In re Luis R.*, 239 Ill. 2d 295, 301 (2010), quoting *In re M.W.*, 232 Ill. 2d 408, 426 (2009)). A defect in the charging instrument does not divest the court of subject matter jurisdiction, as jurisdiction "does not depend upon the legal sufficiency of the pleadings." *Id.* "In other words, the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *In re Luis R.*, 239 Ill. 2d at 301.

¶ 42    Here, it is clear that the circuit court had subject matter jurisdiction. The original information alleged acts occurring on "one or more occasions" over an eight-month period beginning on May 1, 1996, with the latest incident occurring in December 1996 or January 1997. Therefore, aside from any incidents that may have occurred before May 29, 1996, within this eight-month period, the predatory criminal sexual assault statute was in effect. Accordingly, we find that the original information properly alleged a criminal offense as defined by the Illinois Criminal

12

Code and was sufficient to invoke the court's subject matter jurisdiction. Notably, if the original information failed to state an offense, it would not have deprived the circuit court of jurisdiction. See *Cole*, 2023 IL App (1st) 220174, ¶ 73.

¶ 43 Even if we consider defendant's arguments regarding the amended information, a defective charging instrument would not deprive the circuit court of subject matter jurisdiction over the case. *Id.* Furthermore, the court informed the State that its original information was defective, as it improperly combined separate occurrences into a single charge and separating the charges was necessary to preserve defendant's right to have his guilt proved beyond a reasonable doubt for each individual offense. The circuit court's allowance of the State's charging instrument amendment had no effect on jurisdiction, regardless of whether the amendments were formal or substantive. *Id.* As we previously discussed, jurisdiction is conferred by the constitution, not by the charging instrument. See *People v. Benitez*, 169 Ill. 2d 245, 256 (1996) ("jurisdiction is not conferred by information or indictment, but rather by constitutional provisions"). Thus, not even substantive amendments to the information would have rendered the judgment void. Therefore, we find that there is no meritorious basis for an argument that defendant's conviction was void because the circuit court lacked personal or subject matter jurisdiction.

¶ 44 Defendant next claims that the judgment in this case is void because he was not given a new probable cause hearing. He also claims he was not given reasonable time to further prepare his defense when the State amended the charging document and the State failed to "re-verify" the amended charging document. These claims do not allege errors that would deprive the circuit court of jurisdiction or render the judgment void. Furthermore, these claims are factually incorrect.

¶ 45 Defendant was afforded the opportunity to have a probable cause hearing on the amended charges and voluntarily chose to waive it. In waiving the hearing, defense counsel noted before

13

the court that the amended charges did not contain any new allegations. The amended charges conformed with the proof presented at the original probable cause hearing, as well as the pretrial hearing pursuant to section 115-10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10 (West 1996)). Thus, the court did not err in not holding a new probable cause hearing, nor in not affording the defense additional time to prepare.

¶ 46 Defendant's claim that the State failed to "re-verify" the amended charging documents is also contradicted by the record. The amended charging documents are signed by the prosecutor and sworn to by the lead investigator in the case. Therefore, the amended charging documents were compliant with the law. See 725 ILCS 5/111-3(b) (West 1996) ("an information shall be signed by the State's Attorney and sworn to by him or another").

¶ 47 Lastly, defendant is mistaken that the statute he was charged under was held to be unconstitutional. The predatory criminal sexual assault statute originally went into effect on December 13, 1995. Pub. Act 89-428 (eff. Dec. 13, 1995). In *Johnson v. Edgar*, 176 Ill. 2d 499, 517, 518 (1997), our supreme court determined that the statute was unconstitutional because it violated the single subject rule of the Illinois Constitution. See also Ill. Const. 1970, art. IV, § 8(d). However, the legislature reenacted the statute, and it became effective on May 29, 1996. Pub. Act 89-462 (eff. May 29, 1996). Defendant was charged under this statute, which has never been held to be facially unconstitutional or void *ab initio*. Thus, the ruling in *Johnson* did not render the judgment in this case void.

¶ 48 Thus, we find that there is no meritorious argument to be made that any exception to the two-year statute of limitations applied. Consequently, it is not arguable that the circuit court erred in dismissing defendant's petition.

¶ 49                                III. CONCLUSION

¶ 50    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and

affirm the circuit court's judgment.


¶ 51    Motion granted; judgment affirmed.