2026 IL App (1st) 242141-U

Fourth Division
Filed May 21, 2026

No. 1-24-2141

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIC LYNON, Defendant-Appellant. | Appeal from the Circuit Court of Cook County No. 19 CR 0248401 The Honorable Margaret M. Ogarek, Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Navarro and Justice Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*: The defendant's petition for relief from judgment was properly dismissed where his petition was legally insufficient to state a claim for relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)) and where the trial court's alleged procedural errors did not require reversal.

¶ 2    This case is before us on appeal from the dismissal of a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)). Finding that the judgment of dismissal was both correct on the merits and not accompanied by any procedural errors that would require reversal, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The defendant, Eric Lynon, was convicted in 2022 of criminal sexual abuse and sentenced to serve seven years' imprisonment. We affirmed his conviction on direct appeal. *People v. Lynon*, 2024 IL App (1st) 221573-U. A separate appeal from the denial of his postconviction petition is pending. See *People v. Lynon*, 2025 IL App (1st) 231422-U, *pet. for leave to appeal granted*, No. 132043 (Ill. Nov. 26, 2025).

¶ 5        The facts of the case, as established by the evidence at trial, are detailed in our decision on direct appeal. See *Lynon*, 2024 IL App (1st) 221573-U, ¶¶ 5-21. In summary, the evidence showed that, on the night of January 11, 2019, Lynon and K.B.R., a 22-year-old woman he had connected with on a dating app, met up at a Bedford Park hotel where Lynon had rented a room. When Lynon tried to have sex with her, she told him to stop, but he pinned her down on the bed and then, after they rolled off of it, to the floor. At one point during the struggle, he took her phone from her hand and tossed it away. When he allowed her to get up, she ran from the room with her pants still halfway down her legs screaming for help, and hotel employees called the police. Responding officers searched the room for Lynon, but he had already fled through a side entrance. The next day, the victim identified Lynon in a photo array, and he was eventually arrested.

¶ 6        Lynon was found guilty after a jury trial, and he appealed from his conviction. He also filed a *pro se* petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2024)), which was dismissed, and he appealed from that judgment as well.

¶ 7        In 2024, while his direct appeal and collateral appeal were still pending, Lynon filed two *pro se* petitions for relief from judgment. The first petition, filed January 24, 2024, appears to be directed against various orders entered during proceedings on his postconviction petition. This appeal concerns the second petition, which he filed on March 22, 2024, and amended on July 18, 2024. That petition alleged, in summary, that (1) the police fraudulently concealed from the defense various violations of the fourth amendment and departmental policies; (2) the police obtained search warrants by withholding exonerating facts and relying on illegally obtained evidence; (3) a prosecutor obtained a grand jury indictment through similar means; (4) K.B.R.

testified falsely at trial about certain details; (5) the state police laboratory analysts failed to disclose that they had not tested everything, misled the jury about the DNA test results, and concealed that their equipment was not all in proper working order; (6) evidence of official misconduct was not elicited at trial because the State, the court, and defense counsel colluded to exclude it; and (7) the indictment was void because it was not adequately supported by evidence establishing probable cause. Many of these allegations were based on documents Lynon had obtained through public-records requests from various law enforcement agencies that worked on the case. The petition also alleged that Lynon had exercised due diligence but had not discovered the above evidence sooner because it had been fraudulently concealed by the police, the prosecutors, and defense counsel.

¶ 8　　　The State moved to dismiss the petition, arguing that none of Lynon's claims were cognizable under section 2-1401 and that, in any event, the petition was filed outside the applicable limitations period. The court rejected the State's timeliness argument, noting that sentence was imposed on April 29, 2022, less than two years before Lynon filed his petition, but it agreed that the petition's claims were not properly brought under section 2-1401. After declining to recharacterize the section 2-1401 petition as a postconviction petition, the court dismissed it.

¶ 9　　　Lynon filed a motion to reconsider arguing, in essence, that all of his claims amounted to claims of fraudulent concealment or perjury, which rendered his conviction void. He also asserted that he had not been given an opportunity to cure deficiencies in the petition. He did not articulate what amendments he would make if given the opportunity. The court denied the motion to reconsider after a hearing.

¶ 10　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　　　On appeal, Lynon asks us to reverse the dismissal of his petition for relief from judgment. Lynon is representing himself on appeal, and his arguments have a tendency to conflate different principles of law that, while relevant and often related, are conceptually distinct. Broadly speaking, however, his brief challenges the circuit court's judgment in two ways. Primarily, on the merits, he

argues that his petition should not have been dismissed. He also alleges a handful of procedural errors.

¶ 12                    A. The Adequacy of the Petition and its Claims

¶ 13        We begin with the merits. Section 2-1401 creates a statutory procedure for obtaining relief from final orders and judgments more than 30 days after their entry. *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶ 22. Although the petition is filed in the same proceeding as the judgment or order being challenged, it is not a continuation of the underlying action but an initial pleading commencing a new cause of action. *Id.* ¶ 23. That new action is civil in nature, but it can be used to obtain relief from judgments in criminal cases. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). Proceedings on a section 2-1401 petition are governed by the ordinary rules of civil practice, with the petition being treated as a complaint that invites responsive pleadings. *Id.* Petitions are therefore subject to dismissal for legal insufficiency, either on the responding party's motion or, when it is clear that the petitioner is not entitled to relief as a matter of law, by the court on its own motion. *Id.* at 8, 12. Our review is *de novo*. *In re Marriage of Van Ert*, 2016 IL App (3d) 150433, ¶ 14.

¶ 14        At we have noted, the precise legal nature of Lynon's claims are not clear from his briefs, but his arguments all seem to revolve around one of three types of claims that would be cognizable under section 2-1401. First, section 2-1401 can be "used to bring facts to the attention of the trial court which, if known at the time of judgment, would have precluded its entry." *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). Second, in criminal cases, what are usually termed "actual innocence" claims can be raised via section 2-1401. See *People v. Boclair*, 202 Ill. 2d 89, 102 (2002). Third, a section 2-1401 petition can challenge a judgment as void. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002). We examine each possibility in turn.

¶ 15                                1. New Facts

¶ 16        The typical purpose of a section 2-1401 petition for relief from judgment is "to bring facts to the attention of the trial court which, if known at the time of judgment, would have precluded its

entry." *Paul*, 223 Ill. 2d at 94. To state this type of "new facts" claim, "the petition must set forth allegations supporting the existence of a meritorious claim or defense; due diligence in presenting the claim or defense to the circuit court in the original action; and due diligence in filing the section 2-1401 petition." *Id.*

¶ 17    Here, Lynon's petition does not state a legally sufficient "new facts" claim because it fails to establish due diligence in presenting any of those "new facts" at trial. His petition contains a cursory allegation that the State tried to conceal the various facts alleged in his petition, but the thrust of his diligence theory is that *defense counsel* concealed these facts from him and did not use them at trial. That is fatal to his claim here because "[t]he general rule in Illinois is that a client is bound by the acts or omissions of his lawyer-agent." *People v. Bowman*, 138 Ill. 2d 131, 141 (1990). "Thus, the affirmative acts of a defendant's counsel cannot be separated from the defendant's own acts." *Id.* This means that, for the purposes of section 2-1401, counsel's failure to use the facts alleged in Lynon's petition at trial is attributable to Lynon. See *La Rabida Children's Hospital & Research Center v. Harrison*, 263 Ill. App. 3d 790, 796 (1994) ("Section 2-1401 does not afford a remedy to relieve a litigant of the consequences of *** his counsel's negligence.").

¶ 18    Lynon is not entirely without recourse. His attorney's alleged conduct might support a claim that he was denied his right to the effective assistance of counsel. But Lynon did not raise an ineffective-assistance claim and, in any event, such a claim would have to be brought through a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2024)), not a section 2-1401 petition for relief from judgment. See *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003).

¶ 19                                    2.  Actual Innocence

¶ 20    We next consider whether Lynon's petition pleaded a legally sufficient claim of actual innocence. An actual innocence claim requires the defendant to "present new, material, noncumulative evidence that is so conclusive it would probably change the result on retrial." *People v. Coleman*, 2013 IL 113307, ¶ 96. In this context, new evidence is "evidence that was

unavailable at trial and could not have been discovered sooner through due diligence." *People v. Harris*, 206 Ill. 2d 293, 301 (2002). So once again, the claim is foreclosed by Lynon's own allegations that it was his attorney's lack of diligence—or outright malfeasance—that stopped these facts from coming to light before trial, which means that they could have been discovered at the time of trial through due diligence. That means, again, that Lynon's recourse is an ineffective-assistance claim, not an actual innocence claim. *Cf. People v. Flournoy*, 2024 IL 129353, ¶ 73 (explaining that evidence that establishes a claim of constitutional trial error by definition cannot qualify as the kind of new evidence needed to establish an actual innocence claim).

¶ 21                                3.  Voidness

¶ 22      Lynon also asserts that his petition presents a cognizable claim that his conviction is void. Lynon's theory of voidness, according to his briefs, is that his indictment and his conviction were procured through fraud and perjury. He alleged in his petition that numerous individuals—police officers, prosecutors, forensic analysts, the victim, and even defense counsel—either concealed material facts or committed perjury to procure a search warrant, an indictment, and, ultimately, a conviction.

¶ 23      The flaw in Lynon's argument is that what renders a judgment void is not the fraud itself but the fact that, in certain situations, fraud can lead to the court proceeding without actually having jurisdiction to do so. See *American Advisors Group v. Cockrell*, 2020 IL App (1st) 190623, ¶ 24 (citing *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983)). This kind of fraud, which is referred to as extrinsic fraud, is "fraud that occurs in situations where an unsuccessful party has been prevented from fully exhibiting his case by being kept away from the court or is kept from gaining knowledge of the suit." *In re Adoption of E.L.*, 315 Ill. App. 3d 137, 154 (2000). Extrinsic fraud renders a judgment void because it either "prevented a court from acquiring jurisdiction or merely gave the court colorable jurisdiction." *American Advisors Group*, 2020 IL App (1st) 190623, ¶ 24. But "once a court acquires jurisdiction, subsequent fraud, concealment, or perjury will not render its order void." *Vulcan Materials*, 96 Ill. 2d at 165.

¶ 24    None of the conduct alleged in Lynon's petition establishes the kind of extrinsic fraud that would have effectively deprived the court of jurisdiction. There are two elements to jurisdiction: subject-matter jurisdiction, which is the court's jurisdiction to hear and decide the kind of case in front of it, and personal jurisdiction, which is the court's jurisdiction over the parties to the case. *People v. Castleberry*, 2015 IL 116916, ¶ 12. The court unquestionably had personal jurisdiction over Lynon when it entered the judgment. See *People v. Abtahi*, 2020 IL App (1st) 181631, ¶ 18 ("A trial court acquires personal jurisdiction over a criminal defendant when he appears personally before it."). Its subject-matter jurisdiction arose when the case was put before it regardless of any defects in the indictment. See *People v. Hughes*, 2012 IL 112817, ¶ 28. At most, any of the alleged fraud might render the conviction voidable, not void. *Id.* ¶ 29.

¶ 25                              B.  Procedural Arguments

¶ 26    That brings us to the various procedural challenges Lynon raises in his brief.

¶ 27                          1.  Comingled Motion to Dismiss

¶ 28    Lynon argues that the State improperly brought a motion to dismiss that included grounds for dismissal under both section 2-615 and section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2024)). Actually, the statutes governing civil practice expressly allow combined motions to dismiss. See *id.* § 2-619.1. The only requirement is that the motion clearly designate the statute under which each ground for dismissal is being brought. *Id.* Here, the State clearly divided its motion to dismiss into two parts, one under section 2-615 and the other under section 2-619. There was no improper comingling.

¶ 29                          2.  Misinterpretation of Claims

¶ 30    Lynon argues, in summary, that both the State and the circuit court misunderstood or distorted the precise nature of his claims. That may (or may not) be true, but it makes no difference. As an appellate court, we review the circuit court's judgment, not whatever the court said while rendering that judgment. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 192 (2007). We can uphold the judgment if the record shows that it was correct, even if the grounds the circuit court

relied on were not. *Id.* In this case, our review is *de novo*, which means we decide for ourselves whether the petition should have been dismissed. See *Freeburg Community Consolidated School Dist. No. 70 v. Country Mutual Insurance Co.*, 2021 IL App (5th) 190098, ¶ 80. As the appellant, Lynon has the burden of persuading us that the judgment of dismissal was erroneous. *Insurance Benefit Group, Inc., v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44. In other words, it is not enough for Lynon to show us that the circuit court dismissed for the wrong reason. He must convince us that the motion to dismiss should have been *denied*. His argument that the circuit court misapprehended his claims does not call for reversal.

¶ 31                           3. No Opportunity to Cure

¶ 32     Lynon argues that the circuit court abused its discretion by dismissing the petition without giving him an opportunity to cure its defects by amendment. But although Lynon complained in his motion to reconsider that he was not given leave to amend his petition, the record shows that he never actually sought to amend his petition after the court granted the motion to dismiss. "The general rule is that where a trial court dismisses a complaint and plaintiff does not seek leave to amend, the cause of action must stand or fall on the sufficiency of the stricken pleading." *Bajwa v. Metro. Life Ins. Co.*, 208 Ill. 2d 414, 435 (2004). Where Lynon did not seek leave to amend his petition after the motion to dismiss was granted, we will not find that the trial court abused its discretion.

¶ 33                                  4. Counsel

¶ 34     Under a section of his brief entitled "Unfair Hearing on Substitution of Judge," Lynon argues that the court abused its discretion by not appointing counsel to represent him. He acknowledges, correctly, that section 2-1401 does not require the appointment of counsel. *People v. Stoecker*, 2020 IL 124807, ¶ 36. However, circuit courts have discretion to appoint counsel anyway (*id.*), and Lynon contends that the court should have appointed counsel to represent him due to the Illinois Department of Corrections denying him access to the courts and due to a "lack of notification and *ex parte* rulings." The record, however, shows that, whatever difficulties he may

have faced at various points while he was still incarcerated, Lynon was able to file detailed pleadings, motions, and responses to the State's own filings. He was also able to attend court and argue his position, and he was present and active at the hearing on the State's motion to dismiss and his own motion to reconsider dismissal. We fail to see how he was deprived of access to the courts. His vague references to a lack of notification and supposed *ex parte* rulings are insufficient to bring any error to our attention where he neither specifies what he did not receive notice of nor identifies any supposed *ex parte* orders. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Argument *** shall contain the contentions of the appellant and the reasons therefor."). We find no abuse of discretion.

¶ 35                               III.  CONCLUSION

¶ 36       For the foregoing reasons, we hold that Lynon's petition for relief from judgment did not raise any legally sufficient claims under section 2-1401 and that none of his claims of procedural error require reversal or remand. The dismissal of the petition is therefore affirmed.

¶ 37       Affirmed.